J-S42038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHARMAEN WRIGHT :
:
Appellant : No. 455 EDA 2020

Appeal from the Judgment of Sentence Entered December 27, 2018
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0004206-2017

BEFORE: PANELLA, P.J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED DECEMBER 8, 2020**

Charmaen Wright ("Wright") appeals from the judgment of sentence imposed following her convictions of two counts of aggravated assault, and one count each of simple assault, possessing instruments of crime, recklessly endangering another person, and possessing a small amount of marihuana.[1]    Additionally, Wright's counsel, Wana Saadzoi, Esquire ("Attorney Saadzoi"), has filed an Amended Petition to Withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).  We grant Attorney Saadzoi's Amended Petition to Withdraw, and affirm Wright's judgment of sentence.

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2702(a)(4), 2701(a)(1), 907(a), 2705; 35 P.S. § 780-113(a)(31).

On May 26, 2017, Wright and Rickeya McNeill ("the victim") were attending a social gathering at a house located on Green Street in Norristown, Pennsylvania. At some point, Wright and the victim engaged in a verbal argument, which escalated into a physical fight. After exchanging numerous punches and kicks, Wright pulled out a knife and stabbed the victim multiple times. Wright and the victim separated, after which one of the bystanders transported the victim to a hospital.[2] Wright entered a Chrysler Sebring, which was parked on Green Street.

Officer Michael Choiniere ("Officer Choiniere"), with the Norristown Police Department, was dispatched to the area based upon reports of a stabbing. When Officer Choiniere arrived, he discovered Wright sitting in the driver's seat of the Sebring, which was still parked near the location of the reported stabbing. When Officer Choiniere approached the vehicle, he observed that Wright had blood splatter on her jacket. Officer Choiniere asked Wright whether she had any information regarding a stabbing in the area. Wright responded that she had helped break up a fight, and made no comment about a stabbing. Officer Choiniere asked Wright for her information, and whether there were any weapons in the vehicle. Wright responded that there were knives in the vehicle.

---

[2] The victim was diagnosed with multiple stab wounds, a collapsed lung, and a broken nose.

Officer Choiniere detained and searched Wright and the other occupants of the vehicle, called for backup, and searched the inside of the vehicle. Officer Choiniere discovered a knife in the vehicle's glove compartment,[3] and a small bag of marijuana on Wright's person. Officer Choiniere surveyed the scene of the crime, finding blood stains and splatter throughout the street and on nearby vehicles, and interviewed a bystander. Following the investigation, Wright was placed under arrest, and charged with offenses related to the stabbing, and possessing a small amount of marihuana.

On April 20, 2018, following a jury trial, Wright was found guilty of the above-described charges. The trial court deferred sentencing and ordered the preparation of a pre-sentence investigation report ("PSI"). On December 27, 2018, Wright was sentenced to an aggregate term of 5 to 10 years in prison, with credit for time served, followed by 5 years of probation. Wright did not file any post-sentence motions or a direct appeal.

Following a procedural history not relevant to the instant appeal, on October 7, 2019, the trial court reinstated Wright's direct appeal rights, *nunc pro tunc*. On October 31, 2019, Wright filed a Notice of Appeal, *nunc pro tunc*. The trial court ordered Wright to file a Pa.R.A.P. 1925(b) concise

---

[3] A later search of the vehicle revealed that there were two knives in the glove compartment. Neither knife contained blood. Police searched the scene for the knife used to stab the victim, but were unable to locate it.

statement, and in response, Attorney Saadzoi filed a Statement of Intention to file an *Anders* Brief, pursuant to Pa.R.A.P. 1925(c). Attorney Saadzoi subsequently filed an *Anders* Brief, a Petition to Withdraw as counsel, and shortly thereafter, an Amended Petition to Withdraw as counsel. Wright has neither filed a *pro se* brief, nor retained alternate counsel for this appeal.

Before addressing Wright's issues on appeal, we must determine whether Attorney Saadzoi has complied with the dictates of *Anders* and its progeny in petitioning to withdraw from representation. *See Commonwealth v. Mitchell*, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) (stating that "[w]hen presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). Pursuant to *Anders*, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

- 4 -

Additionally, the Pennsylvania Supreme Court has explained that a proper **Anders** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

In the instant case, our review of the **Anders** Brief and the Amended Petition to Withdraw reveals that Attorney Saadzoi has substantially complied with each of the requirements of **Anders**/**Santiago**. **See Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating that counsel must substantially comply with the requirements of **Anders**). Attorney Saadzoi indicates that she has made a conscientious examination of the record and determined that an appeal would be frivolous. Further, Attorney Saadzoi's **Anders** Brief comports with the requirements set forth by the Supreme Court of Pennsylvania in **Santiago**. Finally, Attorney Saadzoi indicates that she has provided Wright with a copy of the **Anders** Brief; advised Wright of her rights to proceed *pro se*, retain new counsel or to raise any additional points deemed worthy of the Court's attention; and attached a copy of the letter sent to Wright to the **Anders** Brief, as required by **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005). Thus, Attorney Saadzoi has complied with the procedural

requirements for withdrawing from representation. We now address the issues that, according to Attorney Saadzoi, arguably support Wright's appeal.

Attorney Saadzoi states that Wright wishes to challenge on appeal (1) the sufficiency of the evidence supporting her conviction of aggravated assault, and (2) the discretionary aspects of her sentence. *See Anders* Brief at 17-24.

In her first claim, Wright alleges that the Commonwealth failed to present sufficient evidence to support her conviction of aggravated assault pursuant to 18 Pa.C.S.A. § 2702(a)(1). *Anders* Brief at 17-19. Wright argues that she did not cause the victim to suffer serious bodily injury because the victim's injuries were not permanent. *Id.*

When considering a challenge to the sufficiency of the evidence, we ascertain

> whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that[,] as a matter of law[,] no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the

finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Melvin**, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

"A person is guilty of aggravated assault if [s]he … attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). Serious bodily injury is defined by the Crimes Code as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

At trial, the parties stipulated to the victim's medical records, which indicated that the victim was diagnosed with the following injuries:

Lacerations [to the] left upper arm, 2.5 centimeters by 1 centimeter; left forearm, 5 centimeters by 2 centimeters; left forearm; right breast, 3 centimeters by 5 centimeters; right posterior upper arm; right shoulder, 2 by .75; right scapula, 4 by 1; right scapula, .75 by .25; right flank, 2.5 by .5; and right deltoid, 3 by .5. A right moderate pneumothorax (collapsed right lung) was [also] observed."

N.T., 4/18/18, at 8; **see also id.** at 10-11 (wherein Commonwealth Exhibits 37 and 38 were admitted). The medical records further indicated that the victim suffered a broken nose, and underwent surgery for the stab wounds, including staples to close the stab wounds, and placement of a chest tube to

expand the collapsed lung and suction blood and fluid from the site. *Id.* at 8-10. The chest tube remained in place for four days. *Id.* After four days in the hospital, the victim was determined to be stable and was discharged. *Id.* at 10.

Additionally, the victim testified that while she was being transported to the hospital, she "couldn't catch [her] breath. [She] felt like [she] was going to pass out[,]" and felt like she was going to die. *Id.* at 31. The victim stated that during her stay at the hospital, she suffered from "lots and lots of pain." *Id.* at 36. The victim further testified that after she was discharged from the hospital, she was instructed to perform special breathing exercises 5 to 10 times a day; she had difficulty breathing after any physical activity, including walking up stairs; and she spent most of her time lying in bed. *Id.* at 38-39. The victim stated that at the time of trial, nearly a year after the stabbing, she still struggled to engage in day-to-day activities, including caring for her son, and working at a daycare. *Id.* at 41.

Viewing the evidence in a light most favorable to the Commonwealth, there was sufficient evidence to establish that Wright caused serious bodily injury to the victim. *See* 18 Pa.C.S.A. § 2702(a)(1); *Commonwealth v. Pettersen*, 49 A.3d 903, 912 (Pa. Super. 2012) (concluding that evidence showing that the defendant had stabbed the victim multiple times in the chest and back was sufficient to convict the defendant of aggravated

assault). Accordingly, the evidence was sufficient to support Wright's conviction for aggravated assault, and her claim thus lacks merit.

In her second claim, Wright challenges the discretionary aspects of her sentence. "A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." *Commonwealth v. Grays*, 167 A.3d 793, 815 (Pa. Super. 2017). Prior to reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Grays*, 167 A.3d at 815-16 (citation omitted).

Wright, via Attorney Saadzoi, filed a timely Notice of Appeal, included a Pa.R.A.P. 2119(f) statement in the *Anders* Brief, and has advanced a plausible argument that the trial court violated the fundamental norms underlying the sentencing process. *See Anders* Brief at 15-16; *see also Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (stating that an appellant raises a substantial question where he alleges that "the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of Appellant."). However, Wright failed to preserve the issue in a post-sentence motion. Accordingly, we could find Wright's

discretionary claim to be waived. Nevertheless, we will address Wright's discretionary sentencing claim as a part of our independent review. *See Commonwealth v. Hernandez*, 783 A.2d 784, 787 (Pa. Super. 2001) (stating that "*Anders* requires that we examine the issues to determine their merit. Therefore, in order to rule upon counsel's request to withdraw, we must examine the merits of the issue [a]ppellant seeks to raise.").

> When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. It must be demonstrated that the court considered the statutory factors enunciated for determination of sentencing alternatives, and the sentencing guidelines. Additionally, the court must impose a sentence which is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant.

*Commonwealth v. McClendon*, 589 A.2d 706, 712 (Pa. Super. 1991) (internal citations and quotation marks omitted). "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010).

Initially, our review discloses that the trial court had the benefit of a PSI, which the court expressly stated it had considered prior to imposing its

sentence. N.T., 12/27/18, at 50.[4] "[W]here the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Downing**, 990 A.2d 788, 794 (Pa. Super. 2010) (quotation marks and citations omitted).

Moreover, the trial court considered the sentencing guidelines, the protection of the public, the gravity of Wright's offense, and Wright's character and rehabilitative needs. **See** N.T., 12/27/18, at 50-51. In particular, the trial court noted that Wright had a history of instigating fights, including "nine aggressive behavior incidents which resulted in police response." **Id.** at 52-54. Thus, the trial court properly considered all of the statutory factors before sentencing Wright. **See McClendon**, **supra**. Moreover, the sentence was within the standard range of the guidelines. **See Moury**, **supra**. Accordingly, we conclude that the trial court's sentence was not improperly excessive, and Wright's discretionary sentencing challenge is wholly frivolous.

---

[4] Although the certified record does not contain the sentencing transcript, Wright included the transcript in her reproduced record, and the Commonwealth has not contested its accuracy. **See Commonwealth v. Barnett**, 121 A.3d 534, 546 n.3 (Pa. Super. 2015) (stating that "[w]hile this Court generally may only consider facts that have been duly certified in the record, **Commonwealth v. Young**, … 317 A.2d 258, 264 ([Pa.] 1974), where the accuracy of a document is undisputed and contained in the reproduced record, we may consider it.").

Finally, our independent review of the record discloses no additional non-frivolous issues that could be raised on appeal. We therefore grant Attorney Saadzoi's Petition, and affirm Wright's judgment of sentence.

Amended Petition to Withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/08/2020